AO 241   (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 USC § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Instructions -- Read Carefully

04-12601-PBS
Referred to MJ RBCollings

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $_____, you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District **Massachusetts** | |
|---|---|---|
| Name **Maksim Lutskov** | Prisoner No. **W-70353** | Case No. |

Place of Confinement **Souza-Baronowski Correctional Center**

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| **Maksim Lutskov** V. | **Lois Russo, Superintendent of Souza-Baronowski Correctional Center** |

The Attorney General of the State of: **Massachusetts**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack
   **Hampden County Superior Court; Springfield, MA**

2. Date of judgment of conviction **November 15, 2001**

3. Length of sentence **20 years to 20 years and one day; 9-10 years consecutive**

4. Nature of offense involved (all counts)
   **Home Invasion**
   **Assault + battery by means of a dangerous weapon (handgun)**
   **Assault + battery by means of a dangerous weapon (wooden object)**
   **Assault + battery by means of a dangerous weapon (knife)**
   **Armed assault (handgun) with intent to rob.**
   **Assault + battery.**

5. What was your plea? (Check one)
   (a) Not guilty   [✓]
   (b) Guilty   ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   [✓]
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐   No [✓]

8. Did you appeal from the judgment of conviction?
   Yes [✓]   No ☐

(2)

AO 241    (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court  Massachusetts Appeals Court

(b) Result  Judgments affirmed

(c) Date of result and citation, if known  Feb. 5, 2004. 803 N.E.2d 359 (table)

(d) Grounds raised  Conviction obtained by a violation of the privilege against self-incrimination. Conviction obtained by use of allege evidence that the Commonwealth lost or destroyed. Cumulative effect of the errors.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court  Supreme Judicial Court of Massachusetts

(2) Result  Application for Further Appellate Review Denied.

(3) Date of result and citation, if known  March 31, 2004. 806 N.E.2d 102 (table)

(4) Grounds raised

Same as 9(d), above.

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐   No ☑

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court

(2) Nature of proceeding

(3) Grounds raised

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Name of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result

(6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐   No ☐
(2) Second petition, etc.   Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
      CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Conviction obtained by a violation of the privilege against self-incrimination.

Supporting FACTS (state *briefly* without citing cases or law): After petitioner was advised of his Miranda rights, he began answering detective's questions. He explained he was at Six Flags Amusement Park at the time of the incident. The police asked for the names of his friends, but he told them he did not want to tell them. Petitioner did not answer any other questions. At trial, despite invoking his privilege by telling the detectives that he did not want to tell them who he was with + did not want to answer their questions, the Commonwealth used his refusal to name his friends as evidence against him at trial.

B. Ground two: Loss or destruction of potentially exculpatory evidence.

Supporting FACTS (state *briefly* without citing cases or law): The Commonwealth offered as evidence at trial the testimony of a prison guard claiming that he intercepted a telephone call between the petitioner + his mother during which the petitioner allegedly made highly inculpatory statements. However, despite the fact that the alleged conversation was tape recorded, at the direction of the prosecutor, the Commonwealth lost or destroyed the tape before providing a copy to the petitioner. Without a copy of the tape, the petitioner was powerless to cross-examine the guard regarding whether the conversation took place; what was said; and most importantly, whether the guard's translation (of Russian language) was accurate.

(5)

AO 241   (Rev. 5/85)

C. Ground three:

Cumulative effect of the errors.

Supporting FACTS (state *briefly* without citing cases or law): If the Court should find that the two errors complained of above standing alone do not warrant reversal, the cumulative effect of the two errors warrant reversal.

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing  Richard J. Rubin
    7 Stockbridge Street
    Springfield, MA 01103
    (b) At arraignment and plea  Richard J. Rubin
    (Same as above)

(6)

    (c) At trial   Richard J. Rubin
                   (Same as above)

    (d) At sentencing   Richard J. Rubin
                       (Same as above)

    (e) On appeal   Thomas C. Foley
                  PO Box 2187
                  South Hamilton, MA 01982

    (f) In any post-conviction proceeding

    (g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

11-23-04
Date

_____
Signature of Petitioner