UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAKSIM LUTSKOV, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-12601-PBS |
| LOIS RUSSO, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS**

**INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Lois Russo, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Maksim Lutskov, on the grounds that the petition fails to state a claim upon which relief may be granted.[1]  As grounds for this motion, and as set forth more fully below, the respondent states that the petition for a writ of habeas corpus may not be granted because the federal petition contains an unexhausted claim, i.e., a claim which was not presented to the state's highest court before being brought to the federal court.  Specifically, Ground Three in the instant petition was not presented to the Massachusetts Supreme Judicial Court ("the SJC"). Accordingly, the petitioner has failed to exhaust his state court remedies with respect to one of

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to address the merits of the remaining claim or claims in this petition.

the three claims in the instant petition, and the petition should therefore be dismissed.

## BACKGROUND

### Prior Proceedings

On November 15, 2001, a Hampden County jury convicted the petitioner of charges of home invasion; assault and battery with a dangerous weapon (a handgun); assault and battery with a dangerous weapon (a stick); assault with intent to rob; assault and battery with a dangerous weapon (a knife); and assault and battery. *See* Brief and Record Appendix of the Defendant, attached to respondent's Supplemental Answer ("Supp. Ans.") as Exhibit 4, p. 2. The petitioner was sentenced to serve a term of twenty years to twenty years and one day at MCI-Cedar Junction on the charge of home invasion, and a term of nine to ten years to be served from and after the twenty-year sentence on the charge of assault and battery with a dangerous weapon (a handgun).[2] *See id.*, p. 3.

The petitioner appealed his conviction to the Massachusetts Appeals Court. *See* Supp. Ans., Exhibits 4 and 6. The Appeals Court affirmed the petitioner's conviction on February 5, 2004. *See Commonwealth v. Maksim Lutskov*, 60 Mass.App.Ct. 1115 (2004)(table), Supp. Ans., Exhibit 7. The petitioner filed an application for further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"). *See* Supp. Ans., Ex. 8.

As grounds for his ALOFAR, the petitioner argued that (1) "the admission into evidence

---

[2] The petitioner was also sentenced to four other terms, each of which is to run concurrently with the sentence of twenty years to twenty years and one day: a sentence of nine to ten years for assault and battery with a dangerous weapon, to wit, a stick; a sentence of ten to twenty years for assault with intent to rob; a sentence of three to five years for assault and battery with a dangerous weapon, to wit, a knife; and a sentence of two to two and one-half years for assault and battery.

of the defendant's decision not to answer the detective's question concerning who he was with on the day of the incident, in violation of the defendant's Constitutional rights, warrant[ed] reversal" and (2) "the Commonwealth's loss and destruction of the potentially exculpatory audiotaped conversation between Maksim and his mother . . . violated the defendant's due process right to a fair trial . . . ." *See* Defendant's Application for Further Appellate Review, Supp. Ans., Exhibit 8, pp. 16-17.  The petitioner did not argue, in his ALOFAR, that the cumulative effect of the two claimed errors violated his Constitutional rights.

The SJC denied the petitioner's ALOFAR on March 31, 2004.  *See Commonwealth v. Maksim Lutskov*, 441 Mass. 1106 (2004)(table), Supp. Ans., Exhibit 9.

### The Instant Federal Habeas Petition

The petitioner filed his federal habeas petition on December 9, 2004.  As grounds for his petition, the petitioner claims (1) that his "conviction [was] obtained by a violation of the privilege against self-incrimination"; (2) that the Commonwealth's "loss or destruction of potentially exculpatory evidence" violated his Constitutional rights; and (3) that even if the two errors claimed by the petitioner did not, standing alone, warrant reversal of his conviction, the cumulative effect of the errors warranted reversal. *See* Petition, ¶ 12(A-C).

### ARGUMENT

The instant habeas petition should be denied because the petitioner has failed to present the claim he now makes in Ground Three of the petition to the SJC.

A.  **Standard**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been

exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy,* 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A).  The longstanding exhaustion requirement[3], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518.  *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Ex parte Royall,* 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied* 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele*, 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his now-claimed federal errors were fairly presented to the state's highest court.  *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989).  In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added).  The theory that the petitioner advances in his habeas petition must be the same as that relied upon in state court. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987).

---

[3] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

B. **The Instant Federal Habeas Petition**

In the case before this Court, the petition for a writ of habeas corpus must be dismissed because the petitioner has failed to meet the exhaustion requirement. In Ground Three of his habeas petition, the petitioner claims that even if the errors he cites in Grounds One and Two of his petition were insufficient to warrant a reversal of his conviction, the cumulative effect of these claimed errors was grounds for reversal of the conviction.[4] However, this claim was not presented to the SJC in the petitioner's Application for Leave to Obtain Further Appellate Review ("ALOFAR").

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir. 1988), quoting *Gagne,* 835 F.2d at 7. Accord *Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823. Moreover, every claim in a federal habeas petition must have been exhausted. *Rose,* 455 U.S. at 518-19. If a petition is "mixed" -- that is, contains both exhausted and unexhausted claims, it must be dismissed. *Id.*

Here, since Ground Three of the petition was never presented to the SJC, Massachusetts' highest court, the habeas petition contains an unexhausted claim, and must, therefore, be

---

[4] The respondent submits that even if this claim had been exhausted it would still not be proper in a federal habeas petition since it does not state a claim of a violation of a Constitutional right.

dismissed. *See Rose,* 455 U.S. at 510, 518-19. *See also Picard v. Connor*, 404 U.S. 270, 275 (1971)("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford,* 339 U.S. 200, 204 (1950)).

        Respectfully submitted,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        /s/ Maura D. McLaughlin
        Maura D. McLaughlin (BBO # 634923)
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200, ex. 2857

Dated: February 14, 2005

## Certificate of Service

     I hereby certify that on February 14, 2005, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon counsel for the petitioner, Maksim Lutskov, at the following address:  Thomas C. Foley, Esq., Attorney at Law, P.O. Box 2187, South Hamilton, Massachusetts 01982.

        /s/ Maura D. McLaughlin
        Maura D. McLaughlin