UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 15  P 12: 38

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| MAKSIM LUTSKOV,  )<br>  )<br>  Petitioner,  )<br>  )<br>v.  )<br>  )<br>LOIS RUSSO,  )<br>  )<br>  Respondent.  )<br>  ) | Civil Action No. 04-12601-PBS |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Lois Russo, through counsel, answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1.    Respondent admits that the petitioner's conviction was in the Superior Court for Hampden County. Further answering, the respondent states that the correct current address for the Hampden County Superior Court is Hall of Justice, 50 State Street, P.O. Box 559, Springfield, Massachusetts 01102.

2.    Admitted.

3.    The respondent admits that the petitioner was sentenced to serve a term of twenty years to twenty years and one day at MCI-Cedar Junction on the charge of home invasion and a term of nine to ten years, to be served from and after the twenty-year sentence, on the charge of assault and battery with a dangerous weapon, to wit, a handgun. Further answering, the petitioner was sentenced to four other terms, each of which is to run concurrently with the

sentence of twenty years to twenty years and one day: a sentence of nine to ten years for assault and battery with a dangerous weapon, to wit, a stick; a sentence of ten to twenty years for assault with intent to rob; a sentence of three to five years for assault and battery with a dangerous weapon, to wit, a knife; and a sentence of two to two and one-half years for assault and battery.

4. Admitted.

5. Admitted.

6. Admitted.

7. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

8. Admitted.

9(a-b). Admitted.

9(c). The respondent admits that the decision of the Massachusetts Appeals Court with respect to the petitioner's appeal was dated February 5, 2004. Further answering, the respondent states that the citation for the Appeals Court's decision is *Commonwealth v. Maksim Lutskov*, 60 Mass. App. Ct. 1115, 803 N.E.2d 359 (2004)(table). A copy of this decision is attached to the supplemental answer, filed herewith.

9(d). Admitted.

9(e)(1-2). Admitted.

9(e)(3). The respondent admits that the decision of the Massachusetts Supreme Judicial Court with respect to the petitioner's application for leave to seek further appellate review was dated March 31, 2004. Further answering, the respondent states that the citation for the Supreme

Judicial Court's decision is *Commonwealth v. Maksim Lutskov,* 441 Mass. 1106, 806 N.E.2d 102 (2004)(table). A copy of this decision is attached to the supplemental answer, filed herewith.

    9(e)(4). Denied. Further answering, the respondent states that the issues raised in the petitioner's brief to the Massachusetts Supreme Judicial Court were (1) whether "the admission into evidence of the defendant's decision not to answer the detective's question concerning who he was with on the dy of the incident, in violation of the defendant [sic] Constitutional rights, warrant[ed] reversal" and (2) whether "the Commonwealth's loss and destruction of the potentially exculpatory audiotaped conversation between Maksim and his mother . . . violate the defendant's due process right to a fair trial . . . ." *See* Defendant's Application for Further Appellate Review, attached to the respondent's Supplemental Answer as Exhibit 8, pp. 16-17.

    9(f).    Left blank by the petitioner.

    10.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

    11.    Left blank by the petitioner.

    12.    The respondent admits that the grounds set forth in paragraph 12 of the petition for a writ of habeas corpus are the grounds on which the petitioner seeks relief. The respondent denies each and every allegation of fact contained in paragraph 12 of the petition for a writ of habeas corpus. To the extent that paragraph 12 of the petition for a writ of habeas corpus contains conclusions of law, they require no response. Further answering, the respondent states that paragraph 12 of the petition for a writ of habeas corpus does not state a claim upon which relief may be granted.

13. Left blank by the petitioner.

14. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

15. Admitted.

16. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which contains copies of the following documents:

1. Docket Sheet, *Commonwealth v. Maksim Lutskov*, Springfield Juvenile Court, Springfield Division, No. FIY01S0556;

2. Defendant's Motion in Limine to Exclude from Evidence Allegations of the Defendant's Conversation with His Mother from Jail;

3. Findings of Fact and Rulings of Law on Motion in Limine;

4. Brief and Record Appendix for the Defendant, *Commonwealth v. Maksim Lutskov*, Massachusetts Appeals Court No. 2002-P-1374;

5. Brief for the Commonwealth, *Commonwealth v. Jose Lara, Commonwealth v. Maksim Lutskov*, Massachusetts Appeals Court No. 2002-P-1374;

6. Reply Brief for the Defendant, *Commonwealth v. Maksim Lutskov*, Massachusetts Appeals Court No. 2002-P-1374;

7. *Commonwealth v. Maksim Lutskov*, 60 Mass. App. Ct. 1115 (2004)(table);

8. Defendant's Application for Further Appellate Review, *Commonwealth v. Maksim Lutskov*, Supreme Judicial Court; and

9. *Commonwealth v. Maksim Lutskov*, 441 Mass. 1106 (2004)(table).

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The petition should be dismissed since it contains a claim which was not presented to the Massachusetts Supreme Judicial Court, and which was, therefore, not exhausted in the state court.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: February 14, 2005

## Certificate of Service

I hereby certify that on February 14, 2005, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon counsel for the petitioner, Maksim Lutskov, at the following address: Thomas C. Foley, Esq., Attorney at Law, P.O. Box 2187, South Hamilton, Massachusetts 01982.

_____
Maura D. McLaughlin